IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELVON SHONDEL McCUNE,** ) | |
| No.  M28231, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00833-MJR |
| ) | |
| **VIPEN SHAH,** ) | |
| **WEXFORD MEDICAL SOURCES,** ) | |
| **CANTINA FOOD SERVICES,** ) | |
| **TY BATES,** ) | |
| **SUCANNE BAILEY,** ) | |
| **THOMAS A. SPILLER, and** ) | |
| **GLADYSE TAYLOR,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Delvon Shondel McCune is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently housed at Pinckneyville Correctional Center.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the policy and practice at the prison of not serving breakfast, serving a primarily soy-based diet, and not receiving a different diet or medical care for malnourishment and the side effects of the soy-based diet.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

*Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), serves as a reminder of the liberal notice pleading standard (*see* FED.R.CIV.P. 8(A)), and that at this early stage, and in consideration of the fact that Plaintiff is proceeding *pro se*, the Court must construe the pleading liberally, take the allegations in the amended complaint as true, and draw all reasonable inferences in Plaintiff's favor. *Id*. (citing *Smith v. Knox Cnty. Jail,* 666 F.3d 1037, 1039 (7th Cir. 2012); *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011)).

### The Complaint

According to the complaint, "Defendants," acting in conspiracy, created a policy of serving only two meals per day, omitting breakfast—"the most important meal of the day." Plaintiff also refers to a statewide policy implemented by "Defendants." In any event, Plaintiff is served dinner at around 3:30 p.m., and then eighteen hours later, at around 9:30 a.m., he is served lunch. As a result, he receives too few calories per day, and must stave off hunger by buying overpriced food at the commissary. It is alleged that "high ranking prison officials" pocket the profits from the commissary. The two-meal plan has caused Plaintiff to experience weight loss, headaches, fatigue, gastrointestinal disease, constipation, stomach pain, heart pain, and mental injuries. He contends the meal plan is meant as a form of discipline.

It is further alleged that the predominantly soy-based diet that is served at Pinckneyville has led to additional health problems: weakness, severe stomach and abdominal pain, worsened constipation, bloody stools, lethargy and extreme gas. It is noted that female inmates successfully sued to eliminate soy from their diet plan, and since then the amount of soy served to male inmates has increased, despite known health risks.

Plaintiff submitted grievances to Horton and Hartman, but received no response. A grievance was sent to the Administrative Review Board, but no response was received. Plaintiff also wrote to Defendants IDOC Deputy Director Bates, and IDOC Food Service Administrator Bailey, warning that he would file a lawsuit if he was not taken off a soy diet and served breakfast—he still did not get a response.

When Plaintiff sought medical attention, Defendant Dr. Shah told Plaintiff he was overweight and needed to drink more water, and he refused to test Plaintiff's thyroid function.

The designated defendants are: Dr. Vipen Shah, Wexford Medical Sources, Cantina Food Services, Deputy Director Ty Bates, Food Service Administrator Sucanne Bailey, Warden Thomas A. Spiller, and Galdyse Taylor of the Administrative Review Board. There is one more defendant—defendant "E," whose name was cut off the page during electronic transmission of the complaint. As discussed below, Horton, Hartman, the IDOC and Godinez are all referred to as defendants in the narrative of the complaint, but they are not specifically listed as defendants. Also, Dr. Coe is discussed alongside Dr. Shah, but Coe is not designated as a defendant.

Plaintiff seeks compensatory and punitive damages and any other relief deemed appropriate, which the Court construes as including injunctive relief.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him only two meals per day, in violation of the Eighth Amendment**
>
> **Count 2: Defendants, individually and/or in conspiracy, have endangered Plaintiff's health by serving him a soy-based diet, in violation of the Eighth Amendment;**
>
> **Count 3: Dr. Shah was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

Any other intended claims not recognized by the Court should be considered dismissed without prejudice as inadequately pleaded under the *Twombly* standard.

## Discussion

### The Defendants

As a preliminary matter, who the intended defendants are must be sorted out. Federal Rule of Civil Procedure 10(a) requires that all parties be named in the caption.[1] Furthermore, Rule 8(a)(2) requires a short and plain statement of each claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Defendant "E," whose name was cut off the page, is not recognized as a defendant, but may be identified in an amended complaint. With that said, the Court observes that "E" is

---

[1] The caption of this case only lists "Dr. Shah Vipen," who the Court recognizes as actually being "Dr. Vipen Shah." In addition to correcting this obvious transposition of the doctor's first and last names, the Court recognizes as intended defendants all those listed in the "Defendants" section of the form complaint (Doc. 1, pp. 1-3).

further described as being the "host facility," suggesting that Plaintiff intended to sue Pinckneyville Correctional Center, which—as a facility not a person—cannot be sued.

Wexford Medical Sources, Cantina Food Services, Warden Thomas A. Spiller, and Galdyse Taylor of the Administrative Review Board are all clearly intended defendants, but there is no mention of them within the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The fact that a conspiracy is alleged and the narrative makes repeated reference to "Defendants" does not save these particular defendants from dismissal.[2] Although the suggestion that a prior successful suit regarding the soy diet does give the Court pause, reading this particular complaint as a whole, there is no basis for reasonably inferring that each of those defendants had a role in the events at issue. Put succinctly, more is required under the *Twombly* pleading standard. Wexford Medical Sources, Cantina Food Services, Thomas A. Spiller and Galdyse Taylor will, be dismissed without prejudice.

Warden Spiller, however, shall remain in this case in his official capacity, but only for purposes of injunctive relief. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011); *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).

Horton, Hartman, the IDOC and Godinez are all referred to as defendants in the narrative of the complaint, but they are not specifically listed as defendants. Also, Dr. Coe is discussed but not designated as a defendant. The Court cannot select who to sue, so the IDOC, Horton, Hartman, Godinez and Coe are not considered parties to this case. Plaintiff may amend the complaint to add claims against them, if he so chooses.

---

[2] The asserted conspiracy is discussed further below.

The only proper defendants at this juncture are Dr. Vipen Shah, Deputy Director Ty Bates and Food Services Administrator Bailey, each of whom has been clearly designated as an intended defendant, and is mentioned within the narrative of the complaint.[3] At this early stage, and in light of the allegations suggesting IDOC and Pinckneyville policies and practices may be at issue, the defendants are considered to be sued in both their individual and official capacities.

**Counts 1-3**

Counts 1-3 all rest upon the Eighth Amendment. The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 835–37.

---

[3] The Court perceives that Plaintiff has cobbled together bits and pieces of other inmates' complaints regarding these issues, which may explain why the complaint seems disjointed and lacking in the details that allowed other cases to clear threshold review under Section 1915A.

At this early stage, given the alleged side effects of excessive and/or prolonged consumption of soy and the provision of too few calories per day, it is assumed that there is substantial risk of serious harm and that Plaintiff's medical ailments are serious.[4] Whether the complaint otherwise states a colorable claim against each of the remaining three defendants requires further analysis.

### Individual Involvement and Conspiracy

As already noted, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper*, 430 F.3d at 810 (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and

---

[4] The mere fact that Plaintiff must wait 18 hours between dinner and lunch, alone, does not violate the Eighth Amendment. The withholding of food is not a *per se* objective violation of the Constitution; instead, "a court must assess the amount and duration of the deprivation. *See Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999).

that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir.1999)).

As pleaded, the allegations in Counts 1 and 2 regarding Dr. Shah, Deputy Director Bates and Food Services Administrator Bailey are not such that the Court can reasonably discern a conspiracy—only an assertion of a conspiracy. Consequently, the conspiracy aspect of Counts 1 and 2 will be dismissed without prejudice.

There is a sufficient basis for allowing the claims to proceed against each of the remaining three defendants. It is sufficiently alleged—or at least reasonable to infer from the allegations—that Plaintiff informed Shah, Bates and Bailey about his issues with the soy diet and two-meal plan. Therefore, Counts 1 and 2 shall proceed against Defendants Shah, Bates and Bailey in their individual and official capacities.

The Court has not read the medical care allegations against Dr. Shah (Count 3) as involving a conspiracy. If Plaintiff intended to press a conspiracy claim, he may do so in an amended complaint, as there is no suggestion Dr. Shah's treatment decisions involved anyone else's influence.[5] Count 3 otherwise states a colorable claim against Dr. Shah in his individual and official capacities relative to the medical care afforded Plaintiff.

**Official Capacity Claims**

Although Counts 1-3 are generously being permitted to proceed against Defendants Shah, Bates and Bailey in their official capacities, the only available remedy would be injunctive relief. The Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

---

[5] Dr. Shah has been included as a defendant to Counts 1 and 2 because he *could* face liability if he knew the soy based diet and two-meal plan endangered Plaintiff's health. In contrast, there is no reasonable reason to infer that Deputy Director Bates and Food Services Administrator Bailey had a role in Plaintiff's medical treatment.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **WEXFORD MEDICAL SOURCES, CANTINA FOOD SERVICES and GALDYSE TAYLOR** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all claims against **WARDEN THOMAS A. SPILLER** are **DISMISSED without prejudice**, however, **SPILLER** shall remain in this case in his official capacity for purposes of injunctive relief <u>only</u>.

**IT IS FURTHER ORDERED** that all conspiracy claims are **DISMISSED without prejudice** against all defendants.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** shall otherwise **PROCEED** against Defendants **VIPEN SHAH, TY BATES and SUCANNE BAILEY** in their individual and official capacities.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915(d), because Plaintiff has been granted pauper status (Doc. 9), his motion for service of process at government expense (Doc. 2) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **VIPEN SHAH, TY BATES and SUCANNE BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**